UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DARRELL NELSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 2:16-cr-00060-DBH |
| ) | 2:17-cv-00387-DBH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Darrell Nelson moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 49.) In January 2017, following a guilty plea, Petitioner was convicted of distribution of heroin and cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C); the Court sentenced Petitioner to 108 months in prison, to be followed by three years of supervised release. (Judgment, ECF No. 41 at 1-3.) Petitioner did not appeal from the conviction or the sentence.

Petitioner filed his section 2255 motion in September 2017.[1] (Motion at 1.) He contends he is entitled to relief because, he argues, one of the crimes on which his status as a career offender was based no longer qualifies as a predicate crime following the First Circuit's decision in *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017).

---

[1] The Government does not contest that the motion was timely filed. *See* 28 U.S.C. § 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final.")

Following a review of Petitioner's motion and the Government's request for dismissal, and after consideration of the parties' arguments, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At sentencing, the Court found the facts as set forth in the revised presentence investigation report. (Sentencing Tr., ECF No. 48 at 24.) The Court found Petitioner was a career offender, based on "at least two prior felony convictions," pursuant to USSG § 4B1.1.[2] (*Id.*) The three predicate offenses identified in the revised presentence investigation report were: (1) a 2006 Massachusetts drug distribution offense for which Petitioner was sentenced to supervised probation of one year (¶ 27 of the report); (2) a 2009 Massachusetts offense involving possession to distribute for which Petitioner was sentenced to probation of one year (¶ 31 of the report); and (3) a 2010 Maine

---

[2] The sentencing guidelines provide that one of the requirements for career offender status is a prior criminal history that includes two qualifying predicate convictions:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a). The term "controlled substance offense" is defined in the guidelines:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

conviction for unlawful trafficking in scheduled drugs, for which Petitioner was sentenced to three years of imprisonment with all but six months suspended, followed by two years of probation (¶ 35 of the report).

The Court determined the base offense level was 14, pursuant to USSG § 2D1.1(a)(5) and 2D1.1(c)(13). (Sentencing Tr. at 24.) Petitioner's career offender status raised the offense level to 32, pursuant to USSG § 4B1.1(b)(3).[3] (*Id.*) The Court reduced the offense level to 29 for Petitioner's acceptance of responsibility, pursuant to USSG § 3E1.1. (*Id.*) The Court found the guidelines range to be 151 to 188 months, based on a total offense level of 29 and a criminal history category of VI. (*Id.*) The Court noted that the criminal history category was VI regardless of whether it was based on Petitioner's criminal history points or his status as a career offender. (*Id.*) Petitioner did not object to the guidelines calculation. (*Id.* at 24-25.)

The Court determined, in accordance with the recommendations of both parties, that the sentence should be below the low end of the guidelines range. (*Id.* at 25.) After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court focused

---

[3] USSG § 4B1.1(b) provides in relevant part:

> [I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

Pursuant to the table set forth in USSG § 4B1.1(b), Petitioner's offense level was 32 because the offense statutory maximum was "20 years or more, but less than 25 years." The statutory maximum for Petitioner's offense was 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

3

particularly on the need to protect the public, and imposed a sentence of 108 months of imprisonment, to be followed by three years of supervised release. (*Id.* at 28.)

## II. DISCUSSION

**A. Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. The Supreme Court has noted that "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In *Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013), the First Circuit noted the standard applicable to section 2255 cases involving claims of guidelines error:

> For non-constitutional, non-jurisdictional claims raised in a section 2255 petition, the Supreme Court has stated that "the appropriate inquiry [is] whether the claimed error of law [is] 'a fundamental defect which inherently results in a complete miscarriage of justice,' and whether '(i)t . . . present(s)

4

exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'"

732 F.3d at 3 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962))). The First Circuit also observed, however, that in *Knight*, it "explicitly declined to 'hold that an error in the application of the sentencing guidelines could never constitute a "complete miscarriage of justice"' cognizable under section 2255." *Damon*, 732 F.3d at 3 (quoting *Knight*, 37 F.3d at 773-74). In *Damon*, while acknowledging a split of authority among various circuit courts of appeal on the issue, the First Circuit determined it need not resolve the issue, given that the petitioner's claim, like the claim in *Knight*, was procedurally defaulted.[4] *Id.* at 3-4 & n.3.

A claim that "'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley*, 523 U.S. at 622 (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). However, "adverse precedent alone [does] not render [a] petitioner's claim 'unavailable': 'Futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time.'" *Damon*, 732 F.3d at 5 (quoting *Bousley*, 523 U.S. at 623) (quotation marks omitted).

---

[4] The circuit split of authority identified in *Damon v. United States*, 732 F.3d 1, 3 (1st Cir. 2013), does not currently exist. The Eleventh Circuit vacated the panel opinion cited in *Damon* and held that the petitioner could not "collaterally attack his sentence based on a misapplication of the advisory guidelines." *Spencer v. United States*, 773 F.3d 1132, 1135, 1137 (11th Cir. 2014). "Spencer's sentence falls below the statutory maximum, and his prior conviction for felony child abuse has not been vacated. Spencer's sentence was and remains lawful." *Id.* at 1135; *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), *opinion supplemented on denial of reh'g*, 724 F.3d 915 (7th Cir. 2013); *Sun Bear v. United States*, 644 F.3d 700 (8th Cir. 2011) (*en banc*).

5

## B. Claim and Analysis

Petitioner contends that his 2010 Maine conviction for unlawful trafficking in scheduled drugs no longer qualifies as a career offender predicate offense. (Motion at 4.) In his reply, he cites *Mulkern*, 854 F.3d 87, among other cases. The First Circuit issued its decision in *Mulkern* in April 2017, i.e., after Petitioner's January 2017 sentencing.[5]

The Government argues the claim is procedurally defaulted because Petitioner failed to raise the issue at sentencing, and he did not appeal from the sentence. (Response,

---

[5] In *United States v. Mulkern*, 854 F.3d 87, 97 (1st Cir. 2017), the First Circuit concluded that a state court heroin conviction did not qualify as a "serious drug offense," for purposes of an increased mandatory sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA"). The Court noted that "a crime that does not have possession with intent to distribute as a formal element can qualify as a "serious drug offense" if it involves possession with intent to distribute." *Id.* at 96. "The difficult question is what is the right amount of drugs a person must possess" before a "'presumption of an intent to distribute is appropriate . . . .'" 854 F.3d at 96 (quoting *United States v. Brandon*, 247 F.3d 186, 192 (4th Cir. 2001)). The Court concluded that the 2-gram threshold amount of heroin required for a conviction under 17-A M.R.S. §§ 1101(17), 1103(1-A), did not justify "an inference of intent to distribute," and therefore the conviction did not qualify as a predicate offense under the ACCA. *Id.* at 94, 97.

This Court, in *United States v. Oliveira*, --- F.3d ---, 2017 WL 6347788, at *1, 2017 U.S. Dist. Lexis 203853, at *1 (D. Me. Dec. 12, 2017), applied *Mulkern* in a career offender sentencing that involved a cocaine-related prior conviction under 17-A M.R.S. § 1103(1-A), (3)(B). The Court noted:

> Unlike the possession of two grams or more of heroin, Maine law does not designate the mere possession of fourteen grams or more of cocaine to be trafficking. Instead, Maine law provides that the intentional or knowing possession of fourteen or more grams of cocaine gives rise to a permissible inference that the possession was for trafficking. As a result, the Court faces a situation both similar and dissimilar to the one in *Mulkern*. The provisions the First Circuit addressed in *Mulkern* amount to a conclusive presumption of distributive intent based on a certain level of possession, whereas the provisions here apply a permissive inference.

*Oliveira*, 2017 WL 6347788, at *7, 2017 U.S. Dist. Lexis 203853, at *15-16. "Guided by *Mulkern*, the Court concludes that Maine's permissive inference instruction for cocaine demands similar treatment to its conclusive presumption for heroin and fentanyl addressed in *Mulkern*." 2017 WL 6347788, at *8, 2017 U.S. Dist. Lexis 203853, at *20-21. The Court concluded the defendant was "not a career offender because his prior drug trafficking conviction under Maine law does not qualify as a career offender predicate because the conviction is not a 'controlled substance offense' as defined by the guidelines." 2017 WL 6347788, at *1, 2017 U.S. Dist. Lexis 203853, at *1.

6

ECF No. 53 at 2-3.) The Government also contends the claim is not cognizable in a section 2255 motion. (*Id.* at 3-5.)

Petitioner's claim, like the claims in *Damon* and *Knight*, is procedurally defaulted because Petitioner did not raise it at sentencing or on appeal. *See Damon*, 732 F.3d at 4; *Knight*, 37 F.3d at 773-74. Petitioner cannot demonstrate cause for the default. As in *Mulkern*, where the First Circuit noted that "Mulkern's argument for why this conviction is not a countable ACCA predicate is straightforward enough," *Mulkern*, 854 F.3d at 94; *see Bousley*, 523 U.S. at 622, Petitioner's claim is not so novel as to have been unavailable to Petitioner.

Furthermore, Petitioner cannot demonstrate either cause or prejudice, because his other prior convictions would have provided the requisite two predicate convictions for career offender status.[6] *See* USSG § 4B1.1(a); *Berthoff*, 308 F.3d at 127-28. Petitioner

---

[6]According to the revised presentence investigation report, one of Petitioner's Massachusetts predicate convictions (¶ 27 of the report) involved the distribution of a Class B substance, and the other (¶ 31 of the report) involved possession with intent to distribute a Class B substance. In *United States v. Hudson*, 823 F.3d 11 (1st Cir. 2016), the First Circuit held that "a Massachusetts conviction for possession with intent to distribute a class B substance continues to qualify as a 'serious drug offense' under the ACCA." *Id.* at 14-15 & n. 5 (citing Mass. Gen. Laws ch. 94C, § 32A(a)); *United States v. Moore*, 286 F.3d 47, 49-50 (1st Cir. 2002) (cited with approval in *Hudson*, 823 F.3d at 14-15 and holding a conviction under section 32A(a) qualifies categorically as an ACCA serious drug offense); *United States v. Weeks*, 442 F. App'x 447, 454-55 (11th Cir. 2011) (per curiam) (concluding that section 32A(a) "categorically meets the definition of a serious drug offense under the [ACCA]").

Such a conviction also qualifies as a controlled substance offense, pursuant to USSG § 4B1.2(b), because the statutory element of possession with intent to distribute matches the guidelines requirement and does not permit a conviction based on possession alone. *See United States v. White*, 837 F.3d 1225, 1235 (11th Cir. 2016) (noting that although "there is general agreement among the circuits that the ACCA's definition of a serious drug offense is broader than the guidelines definition of a drug trafficking or a controlled substance offense because of the ACCA's use of the term 'involving,' . . . the guidelines definition of a drug trafficking and a controlled substance offense *does* require an exact match and . . .there is no match when the state statutes of conviction require nothing more than possession of a certain quantity of drugs"), *reh'g denied*, 868 F.3d 1285 (11th Cir. 2017), *cert. denied*, No. 17-6668, 2018 WL 1369189 (Mar. 19, 2018).

does not contend he is actually innocent, nor does the record reflect he could demonstrate actual innocence. *See Berthoff*, 308 F.3d at 127-28. In short, Petitioner cannot demonstrate that his case involves a fundamental defect, a complete miscarriage of justice, or exceptional circumstances, and thus he is not entitled to relief on collateral review. *See Damon*, 732 F.3d at 3.

## III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of April, 2018.