# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) |
| DARRELL NELSON, | ) CRIMINAL NO. 2:16-CR-60-DBH<br>)<br>) |
| Defendant/Petitioner | )<br>) |

## PROCEDURAL ORDER

I sentenced this defendant on January 11, 2017, finding that he was a career offender under the Guidelines. As a result, his Guideline range was 151 to 188 months. Tr. 24 (ECF No. 48). Without career offender status, his Guideline range would have been 30-37 months.[1] I imposed a variant sentence of 108 months. J. in a Criminal Case at 2 (ECF No. 41).

On September 29, 2017, the defendant filed a section 2255 motion challenging his sentencing classification as a career offender. He argues that soon after I sentenced him, namely on April 14, 2017, the First Circuit decided a case (already pending when he was sentenced) that makes one of his two predicate convictions no longer countable toward career offender status.[2] Pet'r's

---

[1] Base Offense Level 14, Total Offense Level 12 after a 2-level reduction for acceptance of responsibility, Criminal History VI.

[2] The defendant seems to think that the two predicate offenses for his career offender status are those described in ¶¶ 35, 37 of the Revised Presentence Report. Pet'r's Reply 1 (ECF No. 54). In fact they are those described in ¶¶ 31, 35. See Revised PSR ¶ 19; PSR Addendum. The defendant admits that ¶ 31 is a proper predicate for career offender status. Pet'r's Obj. 2 n.1 (ECF No. 56). Since his attack is on Maine's trafficking statute as assessed in Mulkern, I treat him therefore as challenging the conviction in ¶ 35, a Maine conviction.

Mot. 1 (ECF No. 49-1). The case is United States v. Mulkern, 854 F.3d 87 (1st Cir. 2017).

The government opposed the section 2255 motion and the Magistrate Judge has recommended that I deny it. Gov't's Resp. to Pet'r's Mot. (ECF No. 53); R. & R. on Pet'r's Mot. (ECF No. 55).

The government now concedes that a different predicate conviction, described in paragraph 27 of the Revised Presentence Report, cannot be relied upon to support the career offender classification. Gov't's Resp. to Pet'r's Obj. 1-2 (ECF No. 57). That is because, as a result of a presentence conference, I announced at sentencing that I did not find whether that conviction should be counted since it would not affect the sentence. Tr. 5. Therefore, the impact of Mulkern is properly presented unless there is a different ground to deny the section 2255 motion.[3]

The government urges me to adopt the Recommended Decision and deny the section 2255 motion on the alternate ground that the defendant "did not object to the sentencing court's career offender finding or pursue a direct appeal of his sentence." Gov't's Resp. to Pet'r's Mot.; R. & R. 7 (the defendant "did not raise [this claim] at sentencing or on appeal"). But neither the Recommended Decision nor the government's memoranda opposing the motion and supporting

---

[3] At this point I do not know the effect of Mulkern on ¶ 35. Mulkern ruled that a Maine law criminalizing the possession of 2 or more grams of heroin did not support an inference that such possession "involves" an intent to distribute and thus did not meet the federal standard of a "serious drug offense." 854 F.3d at 96-97. Judge Woodcock of this District subsequently applied Mulkern to a Maine statute permitting an inference of intent to distribute based on possession of 14 or more grams of cocaine, finding it also insufficient under federal standards. United States v. Oliveira, 287 F. Supp. 3d 97 (D. Me. 2017). The Revised Presentence Report only tells me that the conviction in ¶ 35 was for "unlawful trafficking in scheduled drugs" with a sentence of 3 years imprisonment, all but 6 months suspended.

the Recommended Decision take into account that the defendant's plea agreement explicitly waived his right to appeal his sentence in the following language:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:
> . . .
> b. A sentence of imprisonment that does not exceed 120 months.

Plea Agreement 3 (ECF No. 29).[4] Indeed, I told the defendant when I sentenced him that in his plea agreement he had given up his right to appeal and that such agreements are generally enforceable. Tr. 30-31.

Finally, neither the Recommended Decision nor the government's filings address the defendant's claim of ineffective assistance of counsel. Pet'r's Reply 4-5; Pet'r's Obj. 3-6. In procedural default analysis, the treatment of that issue—a constitutional one—differs from treatment of Guideline sentencing errors. See Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

Accordingly, I **REQUEST** a new legal memorandum from the government addressing these issues by June 29, 2018. If the defendant wishes to respond, he shall do so by July 20, 2018.

**SO ORDERED.**

**DATED THIS 8TH DAY OF JUNE, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] The plea agreement goes on to say: "The Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. There is no suggestion that that language applies here.

3