# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 2:16-cr-60-DBH |
| | ) | Civil No. 2:17-cv-387-DBH |
| DARRELL NELSON, | ) | |
| | ) | |
| Defendant/Petitioner | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On April 25, 2018, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on the Defendant's Motion Under 28 U.S.C. § 2255 (ECF No. 55). The defendant filed objections (ECF No. 56) to the Recommended Decision on May 11, 2018. The government responded on May 31, 2018 (ECF No. 57). I then issued a procedural order (ECF No. 58) asking for further briefing from the government on the defendant's claim of ineffective assistance of counsel, among other issues. Both the government (ECF No. 63) and the defendant (ECF No. 64) have filed additional memoranda.

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and, with the additions below, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, and determine that no further proceeding is necessary.

The Recommended Decision did not address the defendant's claim of ineffective assistance of counsel. The Magistrate Judge was certainly justified in not doing so, for the claim was raised for the first time in reply. Pet'r's Reply 4-5 (ECF No. 54). United States v. Barrett, 178 F.3d 34, 57 (1st Cir. 1999) ("A first petition for post-conviction relief under § 2255 should raise all available claims. Informal reference to a new claim in a reply brief will not suffice to raise a claim if the district court does not address that claim in its order."). But as Barrett implies, nothing prevents me from addressing it. Construing the defendant's papers liberally, Prou v. United States, 199 F.3d 37, 42 (1st Cir. 1999),[1] I choose to reach, and reject, his Sixth Amendment claim on the merits.

To prove ineffective assistance under Strickland v. Washington, 466 U.S. 668 (1984), the defendant must show both deficient performance by counsel and prejudice. Rivera v. Thompson, 879 F.3d 7, 12 (1st Cir. 2018). Prejudice generally requires showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. (quoting Strickland, 466 U.S. at 694).

The defendant argues that at sentencing his lawyer should have challenged the use of one of his convictions[2] under Maine's drug trafficking statute as a predicate for career offender status, citing the First Circuit's then

---

[1] This is particularly appropriate where the alleged ineffective assistance could be not only a freestanding claim under § 2255, but also an excuse for the procedural default of the defendant's non-constitutional § 2255 claim. In that sense, the defendant properly raised ineffective assistance in response to the procedural default argument in the government's response (ECF No. 53).

[2] A second conviction under the same statute was not used as a predicate.

2

pending decision in United States v. Mulkern, 854 F.3d 87 (1st Cir. 2017). Pet'r's Reply 4-5. Without that conviction, he says, he would not have been sentenced as a career offender, and his sentence would be significantly lower. Pet'r's Resp. to Gov't's Suppl. Mem. 4-5 (ECF No. 64). "[A]n extended term of imprisonment without the evidentiary support necessary to justify it" is a form of prejudice. United States v. Serrano-Mercado, 784 F.3d 838, 856 (1st Cir. 2015).

But if the defendant would have been sentenced as a career offender regardless of that Maine drug trafficking conviction, then he cannot show prejudice. Cf. United States v. Barbosa, __ F.3d __, No. 17-1284, 2018 WL 3424682, at *8 n.6 (1st Cir. July 16, 2018) (approving substitute predicates in an ACCA appeal); United States v. Hudson, 823 F.3d 11, 14 (1st Cir. 2016) (similar). But see McCarthan v. Warden, FCI Estill, 811 F.3d 1237, 1250 (11th Cir. 2016) ("[T]he government may not substitute a new predicate offense for an invalid predicate offense for the first time on appeal where it failed to object to the sentencing court's decision not to rely on the new predicate offense at sentencing." (citations omitted)), reh'g en banc granted, opinion vacated, No. 12-14989, 2016 WL 3878151 (11th Cir. May 24, 2016), and rev'd on other grounds on reh'g en banc sub nom. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017). I turn, therefore, to other qualifying convictions.

The defendant has two drug trafficking convictions under Mass. Gen. Laws Ann. ch. 94C, § 32A, one in 2006 and one in 2009. The defendant does not challenge the use of his 2009 conviction as a career offender predicate. As for the 2006 conviction, the First Circuit recently reaffirmed § 32A convictions as

3

proper ACCA predicates, Hudson, 823 F.3d at 14-15, and as the Magistrate Judge noted, they are also proper career offender predicates. Rec. Dec. 7 n.6 (ECF No. 55). But the defendant argues that the government has twice conceded that his 2006 conviction is *not* a suitable predicate, once at sentencing and again in its response to his objections to the Recommended Decision, and that the government is bound by those concessions. Pet'r's Resp. to Gov't's Suppl. Mem. 4.

I find that the government has made no such concession. At sentencing, all parties agreed that I did not need to find whether the 2006 conviction was a career offender predicate because it would not have affected the sentence. Sent'g Tr. 4-5 (ECF No. 48).[3] That is not a concession that the 2006 conviction was unsuitable as a predicate. And in its response to the defendant's objections to the Recommended Decision (ECF No. 57), the government noted that at sentencing I made no finding about the 2006 conviction; it did not concede that it was an unsuitable predicate.[4]

---

[3] Before sentencing, the defendant challenged the use of his 2006 conviction as a predicate on the basis that "the case was resolved without a finding." Addendum to PSR, Obj. No. 1. The Presentence Report rejected that argument. Id. It is well established that a diversionary disposition resulting from an admission of guilt is a "sentence" that counts towards a defendant's criminal history score. U.S. Sentencing Guidelines Manual § 4A1.2(f); United States v. Fraser, 388 F.3d 371, 375 (1st Cir. 2004). The sentence-counting rules of § 4A1.2 are applicable to the career offender provisions by cross reference. Guidelines Manual § 4B1.2 application note 3; United States v. Curet, 670 F.3d 296, 305 (1st Cir. 2012). "There is no question that a Massachusetts continuation without a finding constitutes a prior conviction." United States v. Birkett, 501 F. Supp. 2d 269, 273 n.4 (D. Mass. 2007) (citing Fraser, 388 F.3d at 373-74). The recently submitted Shepard documents for that conviction, Ex. 3. to Gov't's Suppl. Mem. (ECF No. 63-3), confirm that after admitting to sufficient facts to sustain a conviction, the defendant was initially placed on probation and the case was continued without a finding of guilt. But he was later declared guilty after violating probation. The defendant has not disputed that is what happened. In any case, the final disposition of the defendant's 2006 conviction was not diversionary—he was ultimately found guilty of the charge, making it a suitable predicate.

[4] The government stated that to support the Magistrate Judge's conclusions it was relying "on the arguments set forth in [its objection to the § 2255 motion], as well as the arguments made in the Magistrate's Recommended Decision, with the following exception." Gov't's Resp. to Pet'r's

4

Both the 2006 and 2009 Massachusetts trafficking convictions are therefore available as substitute predicates. The defendant thus was a career offender even if <u>Mulkern</u> disqualifies his Maine trafficking convictions. He cannot show prejudice, and his Sixth Amendment claim fails.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**. The motion for habeas relief under 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing. No certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases shall issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 3RD DAY OF AUGUST, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

Objs. 2. The "following exception" was the Magistrate Judge's determination that the defendant cannot show prejudice because both of the Massachusetts trafficking convictions are qualifying predicates. <u>Id</u>. at 1-2. The government then observed that I had made no finding about the 2006 conviction at sentencing, but said that "[e]ven without the availability of [the 2006 conviction] as a career offender predicate," the motion should be denied because of the defendant's procedural default. <u>Id</u>. at 2-3. That is not a waiver; it simply argues that even without the 2006 conviction, the defendant is procedurally defaulted. Gov't's Suppl. Mem. 4. (ECF No. 63). My suggestion to the contrary in a previous order (ECF No. 58) overstates what the government said.

5