# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **CRIMINAL NO. 2:16-CR-60-DBH** |
| | ) | |
| DARRELL NELSON, | ) | |
| DEFENDANT/PETITIONER | ) | |

## ORDER ON MOTION FOR RECONSIDERATION

The petitioner's motion for reconsideration[1] of my Order of August 3, 2018, (ECF No. 65), is **DENIED**.

First, it is too late to make a new argument now for the first time, on a request for reconsideration, that a Massachusetts drug conviction does not qualify as a predicate conviction under the Guidelines' Career Offender provisions, see USSG §§ 4B1.1, 4B1.2, because of the scope of the Massachusetts statute.

Second, the First Circuit has said explicitly that "a Massachusetts conviction for possession with intent to distribute a class B substance continues to qualify as a 'serious drug offense' under the [Armed Career Criminal Act]." United States v. Hudson, 823 F.3d 11, 15 (1st Cir. 2016), cert. denied, 137 S. Ct. 620 (2017). The conviction at issue in this case is a Massachusetts Class B

---

[1] He gives it this caption: "This is a Fed. R. Civ. P. 59(e) motion submitted in response to the Court's Order denying Nelson's 28 U.S.C. § 2255 Request for Resentencing without Application of the Career Offender Enhancement" (actually using all caps).

drug distribution offense.  See Presentence Report ¶ 27.  Although the Sentencing Commission notes that the Armed Career Criminal Act's definition of "serious drug offense" is "not identical" to the definition of "controlled substance offense" used in the career offender provision, see USSG § 4B1.4 comment 1, I see no material difference for the purposes of this case.  Both the Armed Career Criminal Act and the Career Offender Guideline focus on whether the state offense involved a controlled substance.  See 18 U.S.C. §§ 924(e)(2)(ii); USSG § 4B1.2(b).  Hudson says that a conviction for Class B substance distribution qualifies.  823 F.3d at 15.  Although the petitioner newly argues that the Massachusetts statute encompasses some substances that are not controlled substances under federal law (ECF No. 66 at 3), I follow Hudson.[2]

SO ORDERED.

DATED THIS 24TH DAY OF SEPTEMBER, 2018

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[2] The petitioner cites a recent Second Circuit case holding that, to qualify, the state statute must not cover any substances not enumerated in the federal statute.  United States v. Townsend, 897 F.3d 66, 71-72 (2d Cir. 2018) (citing three circuits that agree and one circuit that disagrees).  He says that Massachusetts includes some such substances.  Even if he were not too late in raising the issue, I am bound by Hudson.