UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA,    )
                             )
        v.                   )          2:16-cr-00060-DBH-1
                             )
DARRELL NELSON,              )
                             )
        Defendant            )

## RECOMMENDED DECISION ON
## MOTION TO REDUCE SENTENCE

Pursuant to 18 U.S.C. § 3582(c)(1)(A), Defendant moves for a reduction of his sentence and for his immediate release. (Motion for Reduction in Sentence, ECF No. 80.) The Government asks the Court to deny the motion. (Response, ECF No. 85.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court deny the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Following a guilty plea, Defendant was convicted of distribution of heroin and cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C). At sentencing, the Court found the facts as set forth in the revised presentence investigation report (PSR). (Sentencing Tr. at 24, ECF No. 48.) The Court found Defendant was a career offender, based on "at least two prior felony convictions," pursuant to USSG § 4B1.1.[1] (*Id.*) The three predicate offenses

---

[1] The sentencing guidelines provide that one of the requirements for career offender status is a prior criminal history that includes two qualifying predicate convictions:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense;

identified in the revised presentence investigation report were: (1) a 2006 Massachusetts drug distribution offense for which Defendant was sentenced to supervised probation of one year (PSR ¶ 27); (2) a 2009 Massachusetts offense involving possession to distribute for which Defendant was sentenced to probation of one year (PSR ¶ 31); and (3) a 2010 Maine conviction for unlawful trafficking in scheduled drugs, for which Defendant was sentenced to three years of imprisonment with all but six months suspended, followed by two years of probation. (PSR ¶ 35.)

The Court determined the base offense level was 14, pursuant to USSG § 2D1.1(a)(5) and 2D1.1(c)(13). (Sentencing Tr. at 24.)   Defendant's career offender status raised the offense level to 32, pursuant to USSG § 4B1.1(b)(3).[2]  (*Id.*)  The Court reduced the offense level to 29 for Defendant's acceptance of responsibility, pursuant

---

and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).  The term "controlled substance offense" is defined in the guidelines:

The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 4B1.2(b).

[2] USSG § 4B1.1(b) provides in relevant part:

[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply.  A career offender's criminal history category in every case under this subsection shall be Category VI.

Pursuant to the table set forth in USSG § 4B1.1(b), Defendant's offense level was 32 because the offense statutory maximum was "20 years or more, but less than 25 years."  The statutory maximum for Defendant's offense was 20 years, pursuant to 21 U.S.C. § 841(b)(1)(C).

2

to USSG § 3E1.1.  (*Id.*) The Court found the guidelines range to be 151 to 188 months, based on a total offense level of 29 and a criminal history category of VI.  (*Id.*)  The Court noted that the criminal history category was VI regardless of whether it was based on Defendant's criminal history points or his status as a career offender.  (*Id.*)  Defendant did not object to the guidelines calculation.  (*Id.* at 24-25.)

The Court determined, in accordance with the parties' recommendations, that a sentence below the low end of the guidelines range was appropriate. (*Id.* at 25.) After considering the sentencing factors under 18 U.S.C. § 3553(a), the Court imposed a sentence of 108 months of imprisonment, to be followed by three years of supervised release.  (*Id.* at 28.) Defendant did not appeal from the conviction or the sentence.

Defendant subsequently moved for habeas relief pursuant to 28 U.S.C. § 2255.  The Court denied the motion. (Recommended Decision, ECF No. 55; Order Affirming Recommended Decision, ECF No. 65.)  The First Circuit denied Defendant's application for a certificate of appealability. (Judgment, ECF No. 78.)

In his request for compassionate release, Defendant argues that he "has '2' state court charges (at Docket Nos. – 0616cr1637 and 0961cr000650) which were wrongfully used to enhance him at his 'Federally' charged sentencing, which has ultimately prejudice[d] him, depriving him of an earlier release he's entitled to." (Motion at 1.) Defendant thus evidently contends that he is entitled to compassionate release because the prison term imposed was too long due to the impermissible use of two of his prior

3

convictions to enhance the sentence and that the relevant sentencing factors warrant a reduction of his sentence.

## DISCUSSION

"Once a district court imposes a term of imprisonment, it may modify that term only to the extent authorized by 18 U.S.C. § 3582(c)." *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008). Under § 3582(c), the sentencing court may: (1) correct an arithmetical, technical or other clear error within 14 days after sentencing, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(a); (2) reduce a sentence upon the government's motion within one year of sentencing if the defendant provided substantial assistance investigating or prosecuting another person, *id.* § 3582(c)(1)(B), Fed. R. Crim. P. 35(b); (3) modify a sentence that was based on a guideline range which the Sentencing Commission subsequently lowered, *id.* § 3582(c)(2); (4) shorten a sentence for a defendant over the age of seventy who has served more than thirty years in prison and is no longer a danger to others, *id.* § 3582(c)(1)(A)(ii); and (5) reduce a sentence for extraordinary and compelling reasons, such as terminal illness, serious physical or cognitive impairment, or the death or incapacitation of the caregiver of a minor child, spouse or partner, *id.* § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13 Application Note.[3]

---

[3] The Application Note to U.S.S.G. § 1B1.13 defines extraordinary and compelling reasons as follows:

    (A) Medical Condition of the Defendant.

        (i)    The defendant is suffering from terminal illness (i.e., a serious advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time) is not required. Examples included metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)-(d)), a court may reduce a sentence for compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A)(i).  A defendant must exhaust the Bureau of Prisons process or wait for the time period to lapse before he or she can seek relief from the sentencing court.  *See United States v. McIntosh*, No. 2:16-cr-00100-DBH, 2020 U.S. Dist. LEXIS 93356, at *2 (D. Me. May 28, 2020); *United States v. Crosby*, No. 1:17-cr-00123-JAW, 2020 WL 2044727, at *2 (D. Me. Apr. 28, 2020); *United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 WL

---

(ii)    The defendant is

(I)      suffering from a serious physical or medical condition,
(II)     suffering from a serious functional or cognitive impairment, or
(III)    experiencing deteriorating physical or mental health because of the aging process

(B) Age of the Defendant. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i)      The death of incapacitation of the caregiver of the defendant's minor child or minor children.
(ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

1821010, at *3 (D. Me. Apr. 10, 2020).   The Government agrees that Defendant has satisfied the exhaustion requirement.

A preliminary issue is whether the Court is limited to the Sentencing Commission's policy statement (U.S.S.G. § 1B1.13) when deciding whether to grant compassionate release. This District has concluded that because the Sentencing Commission has not revised the policy statement following the enactment of the First Step Act, while the policy statement is relevant, the Court's ability to grant compassionate release is not limited by the definition of extraordinary and compelling reasons set forth in the policy statement. *United States v. Calhoun*, No. 2:15-cr-00056-JDL-1, 2020 U.S. Dist. LEXIS 117527, at *3 (D. Me. July 1, 2020).[4] Accordingly, the fact that Defendant's request is not directly based on the considerations specifically identified in the policy statement does not necessarily preclude a reduction of Defendant's sentence.

As this Court noted, however, the "other extraordinary and compelling reasons should be comparable or analogous to what the Commission has already articulated as criteria for compassionate release." *United States v. Fox*, No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).   Defendant's ground for compassionate release (i.e., sentence too long due to the impermissible use of two prior convictions to enhance the sentence) cannot be reasonably construed as comparable to the bases set forth in the policy

---

[4] In *United States v. Whindleton*, No. 2:13-cr-00064-NT, 2020 WL 7265844, at *2 n.2 (D. Me. Dec. 10, 2020), the Court compared the conclusion of this District with the conclusions of other courts that have addressed the issue.

statement.   That is, Defendant does not cite grounds that are comparable to a serious medical condition or any other compelling personal or family circumstances.

Even if the Court were inclined to expand further the grounds for compassionate release, Defendant's argument would not be a proper basis for compassionate release.  The focus of a court's assessment of a request for compassionate release is a defendant's current situation.  Defendant's motion is an attempt to litigate arguments that either were or should have been asserted at sentencing, on a direct appeal, or in a habeas petition.[5] To recognize Defendant's asserted ground as a basis for compassionate release would not only differ significantly from the bases identified by the Sentencing Commission in the policy statement but would also invite the litigation or re-litigation of issues or circumstances that existed at the time of sentencing.

In sum, Defendant has not asserted a basis for compassionate release.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Defendant's motion to reduce sentence.

## <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

---

[5] Defendant filed a motion for habeas relief pursuant to 28 U.S.C. § 2255, in which motion he argued that one of the convictions used to establish Defendant was a career offender did not qualify as a predicate crime based on subsequent Supreme Court authority. (Motion, ECF No. 49.)  The Court denied Defendant's motion.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of December, 2020.